**RECORD NO. 14-4377**

# IN THE
# United States Court of Appeals
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

TAESHAUN JAVON BROWN,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
AT RICHMOND

**OPENING BRIEF OF APPELLANT
TAESHAUN JAVON BROWN**

Edwin F. Brooks
EDWIN F. BROOKS, LLC
Six West Broad Street
Richmond, Virginia 23220
Telephone: (804) 648-1448
brooks@efbrooks.com

*Counsel for Appellant*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................ ii

STATEMENT OF JURISDICTION...........................................................1

STATEMENT OF THE ISSUES.................................................................1

STATEMENT OF THE CASE.....................................................................1

STATEMENT OF FACTS ...........................................................................3

SUMMARY OF ARGUMENT ...................................................................5

STANDARD OF REVIEW ..........................................................................5

ARGUMENT .................................................................................................6

    I.    THE DISTRICT COURT ERRED WHEN IT SENTENCED MR
           BROWN TO 37 MONTHS IMPRISONMENT ......................................6

CONCLUSION ...........................................................................................12

REQUEST FOR ORAL ARGUMENT .....................................................13

CERTIFICATE OF COMPLIANCE.........................................................14

CERITFICATE OF SERVICE ..................................................................15

# TABLE OF AUTHORITIES

## CASES

*Gall v. United States*,
    552 U.S. 38 (2007)..............................................................................5, 6, 7, 10

*Gall v. United States*,
    ___ U.S. ___, 128 S. Ct. 586, ___ L. Ed. 2d ___ (2007) ...........................9, 10

*Kimbrough v. United States*,
    ___ U.S. ___, 128 S. Ct. 558, ___ L. Ed. 2d ___ (2007) .................................9

*Rita v. United States*,
    551 U.S. 338, 127 S. Ct. 2456, 168 L. Ed. 2d 203 (2007) ...............................7

*United States v. Allen*,
    491 F.3d 178 (4th Cir. 2007) ............................................................................7

*United States v. Booker*,
    543 U.S. 220, 125 S. Ct. 738 (2005) ................................................................5

*United States v. Carter*,
    564 F.3d 325 (4th Cir. 2009) ............................................................................6

*United States v. Daughtery*,
    874 F.2d 213 (4th Cir. 1989) ............................................................................5

*United States v. Layton*,
    564 F.3d 330 (4th Cir. 2009) ............................................................................6

*United States v. Lynn*,
    592 F.3d 572 (4th Cir. 2010) ............................................................................6

*United States v. Mendoza-Mendoza*,
    597 F.3d 212 (4th Cir. 2010) ............................................................................6

*United States v. Pauley*,
    511 F.3d 468 (4th Cir. 2007) ....................................................................5, 10

*United States v. Whorley*,
    550 F.3d 326 (4th Cir. 2008), cert. denied, 130 S. Ct. 1052 (2010) ...............10

## STATUTES

18 U.S.C. § 3231 ...................................................................................................1
18 U.S.C. § 3553(a) ..............................................................................6, 7, 8, 9, 10
18 U.S.C. § 3742 ...................................................................................................1
18 U.S.C. §924(a)(1) .............................................................................................4
28 U.S.C. § 1291 ...................................................................................................1

## RULES

Fed. R. Crim. P. 20..........................................................................................1, 2

iii

## STATEMENT OF JURISDICTION

The District Court had jurisdiction over this federal criminal case pursuant to 18 U.S.C. § 3231. The Judgment of Conviction and Sentence having been filed on November 18, 2013, and a *pro se* Notice of Appeal was filed by Mr. Brown on April 18, 2014, this Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

## STATEMENT OF THE ISSUES

Did the District Court impose an unreasonably long sentence in this case?

## STATEMENT OF THE CASE

Mr. Brown was arrested on April 18, 2013 in the Eastern District of Virginia on a two count Indictment that was filed with the United States District Court for the District of Idaho on February 12, 2013. On April 19, 2013, a Detention Hearing was held, and Mr. Brown was ordered released with instructions to report to the District of Idaho. On April 19, 2013, the United States Magistrate's Court entered an order containing conditions of release. On June 17, 2013, Mr. Brown executed a document seeking to plead guilty in the Eastern District of Virginia pursuant to Rule 20 of the Federal Rules of Criminal Procedure. J.A. at 7. On July 15, 2013, case documents, including the indictment from the District of Idaho, and a Plea Agreement negotiated by Mr. Brown's trial counsel and the

1

United States Attorney for the District of Idaho, were filed with the Clerk's Office for the United States District Court of the Eastern District of Virginia pursuant to Rule 20 of the Federal Rules of Criminal Procedure. J.A. at 7-27. On August 8, 2013, Mr. Brown reaffirmed his consented to transfer of jurisdiction of the instant case to the Eastern District of Virginia, and pleaded guilty to Count two of the Indictment with a written Plea Agreement and Statement of Facts. J.A. at 29-56. During the guilty plea hearing, the Magistrate Judge conducting that hearing reviewed the terms of the Plea Agreement with Mr. Brown, including but not limited to the waiver of appeal provision contained in the Plea Agreement. J.A. at 36-49.

On October 29, 2013, after both parties received and reviewed the Presentence Report ("PSR") the defense filed a Statement of Position with a request for a variance sentence contained within the Statement of Position with the District Court on September 26, 2012. J.A. at 63-83. On November 4, 2013, the Government filed its Statement of Position Regarding Sentencing Facts and Factors. J.A. at 84-91. There were no unresolved objections at the time of the sentencing hearing in the case. The request for a sentence below the established guideline range was based on Mr. Brown not having any criminal record before the age of 21, and also his financially necessitous circumstances at the time of the commission of the instant offense. It was also based on Mr. Brown not having any

felony convictions prior to the instant case.  Mr. Brown also submitted multiple exhibits from youth he had helped over the years, including his own siblings. The letters spoke of Mr. Brown being a good influence on teenagers, and trying to help them succeed in sports. J.A. at 74-81.

At sentencing, the Court denied Mr. Brown's request for a variance sentence, although no reasons were given for a sentence within the guideline range. The Court was clearly concerned about Mr. Brown selling firearms, and being in the business of selling firearms. J.A. at 97-99.  At the conclusion of the sentencing hearing, the Court sentenced Mr. Brown to 37 months imprisonment. J.A. at 106-107. The District Court entered its Judgment on November 18, 2013, and Mr. Brown mailed his *pro se* Notice of Appeal on April 18, 2014, and it was received on April 28, 2014.  J.A. at 113-118, J.A. at 119-125.

## STATEMENT OF FACTS

Mr. Brown sold firearms to a cooperating witness who advised Mr. Brown before both transactions that the cooperating witness was in fact a convicted felon. On the first occasion, on February 21, 2012, Mr. Brown sold the cooperating witness a single firearm. The cooperating witness was driven to Mr. Brown's apartment to conduct the sale, and outfitted with video and audio surveillance equipment as well as supplied with funds to conduct the transaction. This transaction was audio and video recorded, and the informant paid $160.00 for the

3

firearm. J.A. at 134. The second sale, which occurred on March 6, 2012, Mr. Brown sold the informant three weapons for $750.00. The informant was outfitted with audio surveillance equipment that audio recorded the transaction between the two parties. It is unclear from the record if the second transaction was video recorded. Mr. Brown apparently said something about the .22 caliber pistol and the shotgun being untraceable during the second transaction J.A. at 135. On the first occasion, the informant commented to Mr. Brown that the weapons would be sold in New York, and Mr. Brown did not respond to this comment. Both sales occurred in Mr. Brown's apartment located in Nampa, Idaho, and on both occasions, Mr. Brown indicated that his source for firearms was a man named Manuel, who worked for the Los Campos market in Nampa, Idaho. J.A. at 13-15, 132-136. None of the firearms were stolen, all were operational, and none had been manufactured in the state of Idaho, thus meaning they traveled in interstate commerce. J.A. at 136.

Mr. Brown was indicted in the District of Idaho on February 12, 2013, after he had left Idaho and relocated to Virginia. On April 18, 2013, Mr. Brown was arrested on an outstanding indictment charging two violations of 18 U.S.C. § 922(g) and 18 U.S.C. §924(a)(1).  J.A. at 2, 25, 131.

4

## SUMMARY OF ARGUMENT

The record on appeal does not support the sentence Mr. Brown received as it was excessive considering he was the target of a police sting, and the Court disregarded the recommendation of the United States Attorney, which was made a part of the plea agreement, that Mr. Brown be sentenced at the bottom end of the applicable guideline range (30 months). As such, the sentence imposed in this case was unreasonable, and must be vacated and remanded to the District Court for a new sentencing hearing.

## STANDARD OF REVIEW

A trial court's factual determinations at sentencing are reviewed for clear error; purely legal interpretations of the Sentencing Guidelines are reviewed *de novo.  United States v. Daughtery*, 874 F.2d 213, 217 (4th Cir. 1989).  Sentencing decisions are reviewed by an appellate Court for reasonableness.  *United States v. Pauley,* 511 F.3d 468, 473 (4th Cir. 2007); *citing United States v. Booker*, 543 U.S. 220, 260-62, 125 S.Ct. 738 (2005). Appellate review of a district court's imposition of a sentence, "whether inside, just outside, or significantly outside the Guidelines range," is for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. *Id*. at 51. "Procedural reasonableness evaluates the

method used to determine a defendant's sentence." *United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010). This court must assess whether the district court properly calculated the advisory Guidelines range, considered the 18 U.S.C. § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. *Gall*, 552 U.S. at 49-50; *see also United States v. Lynn*, 592 F.3d 572, 576 (4th Cir. 2010) ("[A]n individualized explanation must accompany every sentence."); *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009). "Substantive reasonableness examines the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Mendoza-Mendoza*, 597 F.3d at 216.

## ARGUMENT

I.    THE DISTRICT COURT ERRED WHEN IT SENTENCED MR BROWN TO 37 MONTHS IMPRISONMENT.

The Federal appellate Courts review a sentence for reasonableness, applying an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007); see also *United States v. Layton*, 564 F.3d 330, 335 (4th Cir. 2009). In so doing, we first examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the

Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51. We presume on appeal that a sentence within a properly calculated advisory Guidelines range is reasonable. *United States v. Allen*, 491 F.3d 178, 193 (4th Cir. 2007); see *Rita v. United States*, 551 U.S. 338, 346-56, 127 S. Ct. 2456, 168 L. Ed. 2d 203 (2007); (upholding presumption of reasonableness for within-Guidelines sentence).

The sentence in this case is erroneous because the factors relied upon by the District Court in sentencing Mr. Brown to the top of the applicable guideline range really do not justify a 37 month sentence., Mr. Brown did sell four weapons to the cooperating witness, but he did not transfer any weapon across state lines for the purposes of distributing them to any third party, regardless of what may have been said in the course of the gun sales. Mr. Brown clearly was not experienced in selling guns, based on his question to the informant about if it was possible to make money selling guns at the time of the sales. If not for Mr. Brown being unemployed and having a child to support, he was unlikely to have engaged in such gun sales. He never participated in any similar activity either before or after the gun sales at issue herein. There was no tie between the weapons and any crime of violence, and the weapons were not stolen. Despite the informant's statement about the informant selling weapons in New York, there is no evidence that Mr.

7

Brown was involved in such conduct, and since both sales were controlled buys, the conversation was mere puffery by the informant so that Mr. Brown would not be suspicious that he was an informant. His necessitous economic circumstances are borne out by the fact that he had returned home to Virginia by the time the Government indicted him in Idaho. Mr. Brown was continuously employed for close to a year and attempting to support his family at the time of his arrest. J.A. at 150. Mr. Brown was in the military, and attended college. Mr. Brown also served in the Reserves and received a General Discharge from the military in 2011. These facts were seemingly not considered at all by the District Court. Unfortunately, he encountered problems while on pretrial release and his bond was revoked. This factor, though unmentioned by the District Court, may have factored into his sentence being contrary to the recommendation of the Assistant United States Attorney who negotiated the plea agreement with Mr. Brown's trial counsel. Mr. Brown had a limited criminal record, and no felony convictions, prior to being sentenced in this case. Strangely, he was ordered to participate in substance abuse counseling and testing despite there being little evidence to support such an order in the PSR. J.A. at 107, 109. This condition of Supervised Release suggested that the District Court was not as familiar with Mr. Brown, and the 18 U.S.C. §3553(a) factors as he should have been, and that may also explain why he disregarded the recommendation that Mr. Brown be sentenced at the bottom end of the applicable

Guideline range.

The United States Supreme Court has in a series of cases set forth the process of determining a sentence variance by United States District Courts: *Gall v. United States,* ___ U.S. ___, 128 S.Ct. 586, ___ L.Ed.2d ___ (2007); and *Kimbrough v. United States,* ___ U.S. ___, 128 S.Ct. 558, ___ L.Ed.2d ___ (2007). In *Gall,* the Court instructed that the sentencing court should first calculate the applicable Guidelines range. 128 S.Ct. at 596-97. This starting point furthers Congress' desire for efficient administration and nationwide consistency in sentencing. *Id.* After calculating the Guidelines range, the sentencing court must give both the government and the defendant "an opportunity to argue for whatever sentence they deem appropriate." *Gall,* 128 S.Ct. at 596-97. The sentencing court should then consider all of the 18 U.S.C. § 3553(a) factors to determine whether they support the sentence sought by either the defense or the Government. *Id. See also Kimbrough,* 128 S.Ct. at 569 (noting that, while § 3553(a) requires the sentencing court to give due consideration to the Guidelines, *Booker* allows the sentencing court to fashion the sentence in light of other statutory considerations). In so doing, the sentencing court may not presume that the Guidelines range is reasonable. *Gall,* 128 S.Ct. at 596. In the event the sentencing court decides to impose a variance sentence, *i.e.,* one outside of the recommended Guidelines range, the sentencing court "must consider the extent of the deviation and ensure

that the justification is sufficiently compelling to support the degree of the variance." *Id.* As noted by the *Gall* Court, it is an "uncontroversial" proposition that a "major departure should be supported by a more significant justification than a minor one." *Id. See also, United States v. Pauley*, 511 F.3d 468, 511 (4th Cir 2007). When reviewing for substantive reasonableness, we "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall*, 552 U.S. at 51. We "may consider the extent of the deviation [from the recommended Guidelines range], but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.*; *see United States v. Whorley*, 550 F.3d 326, 342-43 (4th Cir. 2008), cert. denied, 130 S. Ct. 1052 (2010).

In *Gall*, 128 S.Ct. at 594-595 (2007); the Supreme Court also stated that "[w]e reject, however, an appellate rule that requires 'extraordinary' circumstances to justify a sentence outside the Guidelines range. We also reject the use if a rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence." In this case, the request for variance sentence was denied without explanation, and that decision cannot be appealed except in those circumstances wherein the District Court found that it did not have the authority to depart. In this case, the District Court considered the variance request and denied it without explanation, so the

undersigned cannot say that it was denied because the District Court found it did not have the jurisdiction to depart. Nonetheless, as set forth above, the sentence imposed in this case, though within the prescribed sentencing guideline range, is longer than necessary. The Court should have followed the bargained for promise of a sentence at the low end of the applicable guideline range, and declined to follow that recommendation, again without any explanation. By way of inference, it seems that the District Court was concerned about the offense conduct, and that Mr. Brown appeared to be selling weapons. However, Mr. Brown was unemployed at the time of the offense; and there was no evidence as to the source of the firearms other than they were neither stolen nor manufactured in the state of Idaho. Mr. Brown also indicated a lack of knowledge about the money to be made selling firearms, which supports his argument that he only engaged in this illegal conduct as a method to get money for his family during a time when he was unemployed in another state with no resources to support his family.

## **CONCLUSION**

For the reasons stated above, this Court should vacate the sentence imposed by the United States District Court in Mr. Brown' case and remand the case to the United States District Court for re-sentencing.

Respectfully submitted;
TAESHAUN BROWN

By_____/s/_____
Of Counsel

## REQUEST FOR ORAL ARGUMENT

Counsel for appellant asserts that the issues raised in this brief may be more fully developed through oral argument, and respectfully requests the same.

# <u>CERTIFICATE OF COMPLIANCE</u>

1.  This brief of the appellant has been prepared using Microsoft Word software, Times New Roman font, 14 point proportional type size.

2.  EXCLUSIVE of the corporate disclosure statement; table of contents; table of authorities; statement with respect to oral argument; any addendum containing statutes, rules, or regulations, and the certificate of service, this brief contains <u>2,632</u> words.

I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions.  If the Court so requests, I will provide an electronic version of the brief and/or a copy of the word or line print-out.

/s/
_____

Edwin F. Brooks, Esq.
Counsel for Appellant, Taeshaun Brown

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 10th day of September 2014, I electronically filed the foregoing Opening Brief with the Clerk of the United States Court of Appeals for the Fourth Circuit using the CM/ECF system, which will automatically send a notification of such filing (NEF) to the following counsel:

        S. David Schiller, Esquire
        Assistant U.S. Attorney
        Office of the U.S. Attorney
        600 E. Main St., Suite 1800
        Richmond, Virginia  23219.


                  /s/
            Edwin F. Brooks
            Attorney at Law
            Six West Broad Street
            Richmond, Virginia 23220
            (804) 648-1448 - telephone
            (804) 648-8001 – facsimile
            brooks@efbrooks.com
            VSB # 33711

15